No. 9358. STATE OF MONTANA on the Relation of M. B. MORROW, JOHN H. TOOLE, and A. I. SUGG (Relators in the District Court), RESPONDENTS, v. RALPH L. STARR, AXEL W. SHOBLOM, JOHN T. VANCE, as the fully elected, qualified and acting members of the City Council of the City of Missoula, Montana, APPELLANTS.

262 Pac. (2d) 806.

Decided Nov. 6, 1953.

*Fred W. Schilling* and *Leon L. Bulen*, Missoula, for Starr and others.

*Shallenberger* and *Paddock* and *Russell E. Smith*, Missoula, for Respondent.

Per Curiam.

In an action entitled The State of Montana on the relation of M. B. Morrow, John H. Toole and A. I. Sugg, relators, v. Ralph L. Starr, Axel W. Shoblom and John T. Vance, as the duly elected, qualified and acting members of the City Council of the City of Missoula, Montana, respondents, judgment and decree for said relators was duly entered and a peremptory writ of mandate was issued by the district court of Missoula County, requiring that said respondents call an election to submit to the electors of the city of Missoula the question of abandoning its present form of government and of reorganizing into a council manager form. From such judgment the respondents

took an appeal to this court and thereafter applied to the district court for a stay of its judgment and mandate pending a determination of such appeal. That court refused to grant the stay whereupon the respondents applied to this court for a writ of mandate to be directed against the district court staying the operation of the writ of mandate theretofore issued by it until respondents' appeal shall have been here determined.

After an *ex parte* hearing this court cited relators to appear before it on a day certain to show cause why a stay should not be granted. On the return day the relators, appearing by counsel, interposed a motion to quash respondents' application for a stay and the citation and order issued thereon. Counsel for the respective parties filed briefs and were heard in oral argument and the cause was submitted.

Now after due consideration, the application made to this court for writ of mandate herein is denied.